**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**GLEN E. KOCH II**
Boren, Oliver & Coffey, LLP
Martinsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMIAH JOSEPH SKIRVIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 55A01-1305-CR-232 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Christopher L. Burnham, Judge
Cause No. 55D02-1203-FB-341

**December 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Jeremiah Skirvin ("Skirvin") was convicted of two counts of Sexual Misconduct with a Minor, as Class B felonies;[1] and one count of Sexual Misconduct with a Minor, as a Class C felony. He was also adjudicated a Habitual Offender.[2] The trial court subsequently sentenced him to an aggregate term of imprisonment of fifty-five years. He now appeals, raising for our review only whether his sentence was inappropriate under Appellate Rule 7(B).

We affirm.

## Facts and Procedural History

Skirvin was a longtime friend and occasional sexual partner of H.J.'s mother, V.J. On October 16, 2010, when H.J. was fifteen years old, Skirvin and V.J. had been drinking; V.J. went into her bedroom and fell asleep, and expected that Skirvin would fall asleep on the living room couch. Skirvin instead went to the bedroom that H.J. shared with a cousin, C.S. Skirvin told H.J. she was pretty and asked her to come out of her room.

H.J. and Skirvin went outside of the home, and Skirvin offered H.J. spiced rum to drink. H.J. had some, and Skirvin began to kiss and fondle H.J. H.J. asked Skirvin to stop, and he did so. The two then went inside to the living room, sat down on the couch, and began to watch a movie.

Skirvin again began to kiss and fondle H.J., and inserted his finger into H.J.'s vagina.

---

[1] Ind. Code § 35-42-4-9(a).

[2] I.C. § 35-50-2-8.

Eventually the two engaged in sexual intercourse. After this, H.J. finished watching the movie, then went to bed in her room.

Skirvin began to send text messages to H.J., telling her she was pretty and occasionally asking her to sneak out of her home. H.J. did so twice, once in December 2010 and again in January 2011. On each occasion, Skirvin engaged in sexual intercourse with H.J., and on one occasion Skirvin had H.J. perform oral sex upon him.

On November 29, 2011, H.J. told her mother, V.J., about what had happened. On December 1, 2011, a police investigation began.

On March 7, 2012, the State charged Skirvin with two counts of Sexual Misconduct with a Minor, as Class B felonies, and one count of Sexual Misconduct with a Minor as a Class C felony. On March 15, 2012, the State filed an information alleging that Skirvin was a Habitual Offender.

A jury trial was conducted from March 30, 2013 to April 3, 2013, at the conclusion of which the jury found Skirvin guilty as charged. Prior to the jury's verdict, the State and Skirvin entered into an agreement as to the disposition of the Habitual Offender enhancement. Under the agreement, Skirvin agreed to stipulate to his status as a Habitual Offender if the jury found him guilty of any of the charged offenses. In exchange for this stipulation, the State would agree to seek a sentence enhancement less than the applicable statutory maximum enhancement, depending upon the offenses for which the jury returned a guilty verdict.

On May 9, 2013, the trial court conducted a sentencing hearing, during which V.J.

gave testimony and H.J.'s written victim impact statement was read in open court. At the hearing's conclusion, the trial court entered judgments of conviction and sentenced Skirvin to twenty years imprisonment for each charge of Sexual Misconduct with a Minor, as Class B felonies, with the sentences to run consecutively to one another. The first of these sentences was enhanced by fifteen years due to Skirvin's status as a Habitual Offender. In addition, the trial court sentenced Skirvin to eight years imprisonment for Sexual Misconduct with a Minor, as a Class C felony, and ran this sentence concurrent with the second of the Class B felony convictions. This yielded an aggregate term of imprisonment of fifty-five years.

This appeal ensued.

## Discussion and Decision

Skirvin appeals, contending only that his sentence was inappropriate in light of the nature of his offenses and his character.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The

4

principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Skirvin was convicted of two counts of Sexual Misconduct with a Minor, as Class B felonies, and one count as a Class C felony; he was also adjudicated a Habitual Offender. The sentencing range for a Class B felony runs from five to twenty years imprisonment, with an advisory sentence of ten years. I.C. § 35-50-2-5. The sentencing range for a Class C felony runs from two to eight years, with an advisory sentence of four years. I.C. § 35-50-2-6(a). After a finding that a defendant is a Habitual Offender, the trial court must enhance the sentence of the underlying offense by an additional fixed term of imprisonment equivalent to a length of time between the advisory sentence of the underlying offense to three time the advisory sentence, with a maximum enhancement of thirty years. I.C. § 35-50-2-8(h).

Here, the trial court ordered Skirvin to serve the statutory maximum sentences for each of the three offenses, running the two B felonies consecutively to one another. Consequent to Skirvin's and the State's stipulation as to the Habitual Offender finding, the court enhanced the first of the two B felony sentences by fifteen years, and the Class C felony sentence was run concurrently to the second B felony sentence. This yielded an aggregate term of imprisonment of fifty-five years. Skirvin now contends this was inappropriate.

The trial court found no mitigating factors at sentencing; Skirvin does not dispute that conclusion. Rather, he insists that the trial court's decision to assess statutory maximum sentences was inappropriate. As did the trial court, we observe that Skirvin has an extensive record of criminal activity dating back to 1994, when he was still a juvenile. As an adult,

Skirvin has been convicted of numerous felonies and misdemeanors, including convictions related to substance abuse and property crimes. Skirvin has been imprisoned on multiple occasions and has had his probation revoked several times. And while Skirvin insists that not causing physical harm to his victim should militate in his favor, we observe that V.J.'s and H.J.'s testimonies at trial both established that Skirvin was in a position of trust as a longtime friend. And V.J.'s and H.J.'s statements to the trial court during the sentencing hearing both indicated that H.J. suffered from enduring depression and emotional difficulties as a result of Skirvin's crimes.

Having thus reviewed the matter, we conclude under Appellate Rule 7(B) that the trial court did not impose an inappropriate sentence, and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.